WILLIAM T. HAINES et als *vs.* GREAT NORTHERN PAPER COMPANY.

Piscataquis.    Opinion May 10, 1913.

*Assessment.    County Commissioners.    Deed.    Highway.    Jurisdiction.*
*Location.    Notice.    Petition.    Revised Statutes.    Chapter 18, Section 41.*
*Revised Statutes of 1883, Chapter 6, Section 78.    Sale for*
*Non-payment of Tax.    Title.    Trespass Quare Clausum.*

1.  A general jurisdiction conferred upon the commissioners by statute over the subject matter is not sufficient. It must appear that they have jurisdiction of the particular case in which they are called upon to act by the existence of those preliminary facts which confer it upon them.

2.  Their doings are ineffectual unless they have power to commence them, and may, in such cases, be avoided collaterally.

3.  For want of notice to the owners of the land as required by statute, the county commissioners had no jurisdiction of the particular case in which they were called to act on the petition in question and that the assessment of the tax on the land in question and the plaintiffs' tax deed based upon it are not valid.

On report. Judgment for the defendant.

This is an action of trespass quare clausum to recover the value of certain spruce, pine and cedar trees cut by the defendant on

section 9, of township number 1, range 13, in the county of Piscataquis. The plaintiffs claim title to said section 9 under a deed from the County of Piscataquis, based upon a sale of the land for the non-payment of a tax assessed thereon for the purpose of building a highway through the adjoining township under the authority of Revised Statutes of 1883, Chapter 18, Section 41. The defendant claims notice and order of same fails to meet the requirements of the law, relating to a petition for the location of such a highway as that described in the petition and failed to confer jurisdiction upon the commissioners in this particular case.

Plea, the general issue. At the conclusion of the evidence, the case was reported to the Law Court for determination upon so much of the evidence as is legally admissible, the Law Court to render such judgment as the law and evidence require.

The case is stated in the opinion.

*F. E. Guernsey,* for plaintiffs.

*Appleton & Chaplin, Hudson & Hudson, and Stearns & Stearns,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, CORNISH, KING, BIRD, HANSON, JJ.

WHITEHOUSE, C. J. This is an action of trespass quare clausum brought by the plaintiffs to recover the value of certain spruce, pine and cedar trees cut by the defendant on section 9 of township number 1, range 13, west of the east line of the State, in the County of Piscataquis. The defendant pleads the general issue, and the case involves the determination of the question of title to section 9 in the township above named. The case comes to this court on report.

The plaintiffs claim title to section 9 under a deed from the County of Piscataquis dated December 28, 1896. This deed was based upon a sale of the land for the non-payment of a tax assessed upon township No. 1, range 13, for the purpose of building a highway through the adjoining township A, range 13, and township A, range 14.

Sec. 41 of Chap. 18 of the R. S. of 1883 authorized the county commissioners to lay out  .  .  . a highway on any tract of land

in their county not within any town or plantation required to raise money to make and repair highways, and provided that, "all expense for making and opening the same shall be paid by the owners thereof . . . in proportion to their interest in the lands over any part of which it is laid, except as provided in Chap. 6, Sec. 78, which authorized the commissioners, in such a case, to assess also upon "adjoining townships benefited thereby, such an amount as they adjudge necessary for making, opening and paying expenses attending it."

The amount assessed upon No. 1, range 13, containing 22,000 acres was $300. It appears from the deeds in evidence that sections 3 and 9 in No. 1, range 13, contain about 1,300 acres in the aggregate. Assuming that the two sections are equal, the tax assessed upon section 9 was $8.86.

The defendant derives title by deed dated November 16, 1901, through mesne conveyance from the State of Maine. And it is in evidence from the defendant's general manager who made the purchase for the Company, that he had no knowledge or information in regard to any sale of this land by the County of Piscataquis, or any outstanding claims upon it.

It is contended by the defendant that the plaintiffs acquired no title under the deed from the County of Piscataquis, for the reason that the road was not legally located, and that the assessment made upon that township was therefore void. It is claimed that the county commissioners had no jurisdiction to lay out the road or make the assessment, because no notice was given to the owners of the land of the pendency of the petition for the laying out of this road, and of the time and place appointed for a hearing thereon, as required by the statutes in existence at that time.

The petition for the location of the road bears date March 22, 1886, and is based upon Sec. 46 of Chap. 18 of the R. S. of 1883. In this petition, the county commissioners are asked to lay out a highway in a town required by law to raise money to make and repair highways, and in townships not incorporated; and upon such a petition it is provided in Sec. 46 of Chap. 18 that the time and place of hearing shall be according to Sec. 42, which declares that if the county commissioners "think there ought to be a hearing, they shall cause notice to be given of the time and place appointed there-

for, by service of an attested copy of the petition with their order thereon, upon the owners of such lands, if known, fourteen days before that time, and if unknown, by a publication thereof in the State paper for six successive weeks, the last 30 days before that time. No proceedings shall take place until it is proved that such notice has been given."

But instead of having notice ordered in accordance with the requirements of this section, it was ordered that the "commissioners meet at the hotel in Greenville on the 28th day of June, 1886, at one o'clock P. M., and thence proceed to view the route mentioned in such petition; immediately after which view a hearing of the parties and witnesses will be had at some convenient place in the vicinity. . . . And it is further ordered that notice of the time and place and purpose of the commissioners' meeting aforesaid be given to all persons and corporations interested by serving an attested copy of the petition and this order thereon upon the clerk of the town of Greenville and by posting up attested copies in three public places in said town . . . and also by publishing the petition in the Piscataquis Observer in said county, and six weeks successively in the Kennebec Journal, a newspaper printed at Augusta in the County of Kennebec by the printer to the State, the last publication to be thirty days at least before the time of said view." It is not stated in this notice that the owners of the land were unknown, and that notice by publication in the State paper was ordered for that reason; and with the exception of the requirement for publication in the Kennebec Journal, the order of notice was entirely in conformity with the provisions of Sections 2 and 4 of the same chapter, authorizing notice by posting copies in three public places and by publication in some newspaper in the county on a petition for the location of highways from town to town.

But it wholly fails to meet the requirements of Secs. 46 and 42, relating to a petition for the location of such a highway as that described in the petition in this case. The commissioners did not adjudge that there ought to be a hearing on the petititon; they did not appoint a time and place for a hearing, and order notice thereof to be given by service of an attested copy of the petition and order thereon, upon the owners of the lands to be assessed, fourteen days

before that time; and there is no evidence in the case that the owners of the land in question ever had any notice or knowledge of the pendency of the petition or of any hearing upon it.

The last clause of Sec. 42 above quoted declares that "no proceedings shall take place until it is proved that such notice has been given;" but inasmuch as no such notice was ever ordered or given, it was not capable of proof. It is accordingly contended that the commissioners had no authority to take any action upon the petition, and that all proceedings under it were void.

The precise question involved here came before the court in *Ware* v. *County Commissioners,* 38 Maine, 492, and was decided adversely to the commissioners. In the opinion, the court say:

"The original petition was for the location of a public highway across lands not situated within the limits of any organized plantation or incorporated town. In such cases, the statute of 1841, C. 11, P. 196, Sec. 1, requires that the county commissioners, 'upon being satisfied that the petitioners ought to be heard touching the matter set forth in their petition, shall, before having any further proceedings thereon, order the petitioners to give notice of the pendency of their petition, and of the time and place appointed to consider the same, and adjudicate thereon,' in the manner therein prescribed. But in the case presented by the petitioner, no such order was made and the notice required by law was not given. The proceedings, therefore, were defective, in limine."

A general jurisdiction conferred upon the commissioners by statute over the subject matter is not sufficient. It must appear that they have jurisdiction of the "particular case in which they are called upon to act by the existence of those preliminary facts which confer it upon them. Their doings are ineffectual unless they have power to commence them, and may in such cases be avoided collaterally." *Small* v. *Pennell,* 31 Maine, 270; *Longfellow* v. *Quimby,* 29 Maine, 196; *Philbrick* v *Kennebec Co.,* 17 Maine, 198; *Harlow* v. *Pike,* 3 Maine, 438; *Joy* v. *Oxford Co.,* 3 Maine, 134. See also *Hayford* v. *Co. Commrs.,* 78 Maine, 156; *Packard* v. *Co. Commrs.,* 80 Maine, 45; *Donnell* v. *Co. Commrs.,* 87 Maine, 225.

But it appears that in 1889, a petition for a writ of certiorari was filed in the Supreme Court by the owners of the land over which

the location was made, praying that the record of the proceedings of the county commissioners here in question be quashed for the reason that they had no jurisdiction under the original petition to locate the way. But the court properly held, under the established rule in this State (*Phillips* v. *Co. Commrs.*, 83 Maine, 541), that the writ of certiorari could not be granted, for the reason that "the question of jurisdiction was open to the petitioners before the commissioners, and in the Supreme Judicial Court when the appeal was taken and entered, and when the committee appointed made their return to the court, which was accepted." But it seems that these petitioners for certiorari, who were the owners of the land over which the way was located, had knowledge of the pendency of the original petition for laying out the road, and actually appeared and opposed the location of it before the commissioners, and on appeal, before the Supreme Court. They had an opportunity to be heard upon the question of jurisdiction both before the commissioners and in the Supreme Court after the appeal was entered.

But the owners of the land here in question, adjoining the township over which the road was located, never had any notice of the petition for its location or of any hearing upon it; and never appeared or had any opportunity to be heard upon the question of jurisdiction. They were not parties to that petition, and cannot be affected by the judgment of the court upon it. An indispensable element of the doctrine of res adjudicata is wanting. The defendant is not precluded from setting up in this case the defense of a want of notice of the petition and proceedings thereon to the owners of this land over which the road was not located.

Finally, it is contended by the plaintiffs that the defendant is prohibited from making any defense to this suit, because he has not complied with the provisions of Sec. 83 of Chap. 6 of the Revised Statutes of 1883. That statute declares that the amount of the taxes for which the land is sold, in cases like the one at bar, and any subsequent taxes legally assessed on it, shall be paid or tendered before any person can maintain or defend any suit at law or in equity involving the title to such lands under such sale or forfeiture. But this clause of the statute was repealed in 1903, four years before this action was commenced, and three years before the trespass alleged in the plaintiffs' writ was committed. The

provision in Sec. 205 of the same chapter relating to the sale of land for non-payment of taxes assessed to resident owners in incorporated places is precisely analogous to that in Sec. 83 above quoted, and this was declared unconstitutional in *Bennett* v. *Davis*, 90 Maine, 102. It has been questioned in *Dunn* v. *Snell*, 74 Maine, 22; and a few years afterward the clause invoked by the plaintiffs in Sec. 83 was repealed, presumably because this also was deemed unconstitutional. In any event, the right of the defendant to defend this suit is not affected by that statute.

It is the opinion of the court that the county commissioners had no jurisdiction of the particular case in which they were called to act on the petition in question for want of notice to the owners of the land as required by statute, and that the assessment of the tax on the land in question, and the plaintiffs' tax title based upon it, are not valid.

The certificate must be,

*Judgment for the defendant.*